Jamshid SABOURI, Plaintiff–
Appellant,

v.

THE OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, also known as Ohio Bureau of Employment Services; Michael Valentine; Jim Adams; Pablo Nunez; Marjio Green; Joan Palmer; Carol Brigham, Defendants–Appellees.

No. 01–3775.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Jamshid Sabouri, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, et seq, and the Equal Pay Act (EPA), 29 U.S.C. § 206(d)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 1997, Sabouri sued his employer, the Ohio Bureau of Employment Services (the Bureau) and several employees of the Bureau, claiming that the defendants: 1) discriminated against him on the basis of his national origin (Iranian); 2) discriminated against him on the basis of his age; and 3) retaliated against him because he had filed charges of discrimination with the Ohio Civil Rights Commission (OCRC). In December 1999, the court permitted Sabouri to amend his complaint to essentially add additional claims that the defendants had retaliated against him because they subjected him to harassment, defamation, and a hostile work environment.

Upon review, the district court concluded, in a very thorough twenty-nine page order, that: the Eleventh Amendment barred Sabouri's ADEA claim against the Bureau; Sabouri's EPA claim was time-barred, and alternatively, the Bureau did not violate the EPA; the individual defendants were not subject to suit under Title VII; the court would only address the alleged Title VII violations that occurred between September 4, 1995 and July 1, 1996, because Sabouri did not file a timely charge of discrimination as to some of the allegations outside of this time frame, and because the remaining allegations outside of this time frame were not properly before the court because he did not file his lawsuit following receipt of an earlier right-to-sue letter from a June 1992 charge of discrimination; and Sabouri did not state a prima facie case for failure to promote, disparate treatment, or retaliation. The court addressed all of Sabouri's retaliation allegations because the timeliness requirements were not applicable to his allegations of continuous retaliation. Hence, the court granted summary judgment to the defendants. Sabouri has filed a timely appeal, essentially reasserting his claims.

█ The district court properly granted summary judgment to the defendants for the reasons stated in its June 1, 2001, memorandum and order. *See Terry Barr Sales Agency, Inc. v. All–Lock Co.,* 96 F.3d 174, 178 (6th Cir.1996). Sabouri may not pursue his ADEA claim against the defendants because the State of Ohio has not waived its immunity. *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000). In addition, the defendants established that any pay differential between Sabouri and his female coworkers was due to factors other than sex. *See Corning Glass Works v. Brennan,* 417 U.S. 188, 196–97, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974).

The district court properly granted summary judgment to the defendants on Sa-

bouri's Title VII claims because he did not establish a prima facie case that the defendants had failed to promote him, that they had subjected him to disparate treatment, or that they had retaliated against him. *See Metro Communications Co. v. Ameritech Mobile Communications, Inc.,* 984 F.2d 739, 742 (6th Cir.1993). The Supreme Court has established a three-part framework for the allocation of proof in employment discrimination cases where there is no direct evidence of discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The complainant in a Title VII action must carry the initial burden of establishing a prima facie case of employment discrimination. *See id.* at 802, 93 S.Ct. 1817.

Initially, we conclude that the district court properly dismissed Sabouri's Title VII claims against the individually named defendants because they cannot be held liable as defendants under Title VII. *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997).

We also conclude that the district court properly determined that many of Sabouri's allegations were not properly before the court. In order to satisfy the prerequisites to an employment discrimination action, a claimant must: 1) file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC); and 2) receive and act upon the EEOC's notice of right to sue. *See Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1486 (6th Cir.1989). The district court properly concluded that it could only address the alleged violations that occurred between September 4, 1995 and July 1, 1996, because Sabouri did not file a timely charge of discrimination as to some of the remaining allegations and because he did not file his lawsuit within 90 days of receiving his right to sue letter as to a June 1992 charge of discrimination.

Sabouri did not state a prima facie case that the Bureau improperly failed to promote him. *See, e.g., McDonnell Douglas Corp.,* 411 U.S. at 802 n. 13, 93 S.Ct. 1817. He also did not establish a prima facie case of disparate treatment based on national origin because he simply did not establish that all of the relevant aspects of his employment situation are "nearly identical" to those of the employees who he alleges were treated more favorably. *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 802 (6th Cir.1994). Finally, Sabouri did not establish a prima facie case of retaliation with respect to any of his allegations of misconduct. *See Walborn v. Erie County Care Facility,* 150 F.3d 584, 588–89 (6th Cir.1998).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.